All right, and it looks like we're ready to proceed with the next argument. It's Alfredo Nicholas Telemontes versus the Attorney General. Ashley Deadweller-Human is here for the petitioner. Telemontes and Elizabeth Fitzgerald-Sambu is here for the United States. And Ms. Deadweller-Human, you may proceed with your argument. Thank you, Your Honor. May it please the court. My name is Ashley Deadweller-Hyman, and I represent the petitioner Alfredo Telemontes in this case. With the court's permission, I would like to reserve three minutes for rebuttal. We appear before the court today because the petitioner was never afforded the opportunity to seek relief from removal in immigration proceedings due to the immigration court erroneously finding that he had been convicted of two aggravated felonies. The convictions in question were for the Georgia simple battery statute and were not aggravated felonies for two reasons. The Georgia simple battery statute is not a categorical match to the federal definition of crime of violence. And applying the modified categorical approach to the Shepard documents in this case, the conviction evidence presented was ambiguous as to which simple battery subsection the petitioner pled to. Counsel, here's my problem with that. Maybe I've missed something. So feel free to let me know if you think I've got it. It seems clear from the charging documents that he was charged in both cases with the harm to someone, which would be one that qualifies as the crime of violence. And what's not clear is what he actually pled to, I guess. But then we have Pareto, right? Which says that it is his burden to demonstrate that the other one applied this. If there's any ambiguity, tie does not go to the petitioner, it goes to the government. So I don't know if you want to address that, but that's what I see as the problem here. Yes, Your Honor. And in response to that, I'm aware of the Supreme Court's recent decision in Pareto that places that burden on the respondent. I will point Your Honor to the record at pages 917 to 918. That will direct Your Honor to a letter that was provided by the petitioner in this case in which the victim of the simple battery provided a letter to the immigration court stating that the incident between she and Mr. Talenantes was non-violent. Right, but that's the problem. She may have thought it was non-violent, but it's up to the court as to what the court convicted him of. And so we can't consider what she thought happened or didn't happen, especially since there is information in the record where he's charged with the harm part of the statute. So is there anything else that you might be able to direct us to? Yes, Your Honor. Even though the accusation indicates the A2 subsection of simple battery, as Your Honor previously noted, the actual guilty plea does not provide a factual admission to the allegations in those accusations. This is unlike this court's decision in Gandy where the defendant in his guilty plea admitted to the factual allegations in the police report. In this case, Mr. Talenantes simply signed that he was pleading guilty to simple battery. It did not say as charged in the accusation. And in Pareto, Your Honor, the language itself in Pareto indicates that the court can accept other proof It says explicitly, Congress has expressly authorized parties to introduce a much broader array of proof, indicating, for example, a variety of records and attestations shall be taken as proof of a prior conviction. It's our position, Your Honor, that this letter from the victim can be considered in meeting the petitioner's burden to show that he was actually convicted under subsection A1, the offensive touching subsection, rather than the A2, violent touching subsection. I also want to highlight for Your Honor that it's clear from the record and the transcripts in this case that the reason that the immigration judge decided that the crimes in this case were crimes of violence was simply based on this court's decision in her new and modified categorical approach analysis, and neither did the Board of Immigration Appeals. Because neither of those courts provided a clear reasoning for why they determined that there was a crime of violence in this case, as we noted in the standard of review document in our brief, when this court cannot determine the reasons for the decision below, the decision must be reversed. So it is our position on this crime of violence. Counsel, let me ask you about that. It's not really reversed. It's vacated and sent back for the administrative agency in this case to clarify and give us the reasoning. But if the review of the alleged error is de novo, if the decision is de novo, we don't, the ordinary man rule, end of quote, usually doesn't apply if it's a matter of law that we decide for ourselves. And this is a matter of law, given what's in the record, that we, our review is de novo. So regardless of what the BIA says on remand, somebody can come back here and we can review it as though we never remanded. True? Yes, Your Honor. There are questions of law present here, but there are also questions of fact. What questions of fact? The question of fact is which documents the immigration judge relied on in assessing whether or not this was a crime of violence. The modified categorical approach requires- I thought the BIA decided this case. And I thought we've said that when the BIA decides after an IJ has decided, unless the BIA adopts the IJ's decision, we review the BIA, not the IJ. My understanding was that the BIA adopted the IJ opinion in this case, Your Honor, and did not do a modified categorical approach analysis of the case. The BIA specifically just said that the respondent in the proceedings below, the petitioner in these proceedings, had not met his burden to show that it was possible that someone convicted under the Georgia simple battery statute could have been convicted of something that's not a crime of violence. That in and of itself is also an error under Johnson because Johnson requires that there be a violent act. The Georgia simple battery- Counsel, counsel, I don't see, and I don't know if you practice this area or not, but I don't see how you can characterize the BIA decision as adopting the IJ. At the hearing below, the administrative judge found blah, blah, blah, long paragraph. We take administrative notice of the contents of the official court records contained in this record, on and on and on, discussing the conviction, discussing why it is or isn't a qualifying conviction. Furthermore, we are not persuaded, not the IJ was not persuaded. That's a BIA order, a BIA decision. It's not the adoption of the IJ decision. What am I missing? Well, your honor, it seemed that the review that the BIA gave the determination of whether this was a crime of violence was similar to the IJ's decision. That doesn't mean it adopted the IJ's decision. I mean, it just isn't. Any defects in the IJ decision that weren't repeated by the BIA are not before us. Well, your honor, the BIA made no mention of this victim's statement in determining whether or not the respondent had met his burden. But you understand you've moved now to where you should have, I think you should have been, which is the BIA order. Yes, your honor. Okay, so you're saying the BIA erred because it didn't consider the victim's letter all these years later? Yes, your honor. And you also understand that if we were doing this in typical categorical or modified categorical approach, that would be improper to consider, right? I do not agree with that, your honor. Based on Pareto, we're- So now we can go into an investigation of what actually happened. In other words, if it was ambiguous as to whether it was violent or not, and the victim said, violent, he nearly pushed me through the wall. I was in the hospital for three weeks. It doesn't show up in these so-called shepherd documents, but that's the truth. Here's my affidavit. You're saying under Pareto, we can consider that? I am, your honor, and that's the problem with Pareto. When the burden of proof is on the respondent, he is going to have to present occasionally documents that are outside the original record. So under your interpretation of Pareto, the ordinary rules applying to shepherd documents bind the government, but not the petitioner. They apply to the government, yes, your honor, but where the respondent is carrying that burden of proof, he must have an opportunity to prevent these testimonial documents that Pareto- They don't apply to the petitioner. It's a simple question. I agree that the shepherd documents restrictions apply to the government. We've applied them to the government and the petitioner many times, but you're now saying because of Pareto, it doesn't apply to the petitioner. Yes, your honor. That's your guess. Our position is that testimonial evidence can be provided by the petitioner. Yes, your honor. Judge Lawler, isn't it clear from this record that Telemontes was sentenced to confinement for 12 months? No, your honor. No, he served all 12 months on probation? No, your honor. We have taken the position that the clarification order in this case should have been sufficient evidence to the court that the petitioner was actually sentenced to a term of straight probation. We recognize this court's prior decisions in Ayala Gomez and Garza-Mendez, but those are distinguishable from this case. In Ayala Gomez, there was no clarification order with language equivalent to the current case. And in Garza-Mendez, that case involved a battery which was clearly a crime of violence. Whereas in this case, we have a simple battery with a divisible statute in which part of the statute is not categorically a crime of violence and part is. I will ask this court in your review of the case to consider making comments on Hernandez and how this court did not intend for that case to mean that every case under the Georgia simple battery statute would categorically be a crime of violence. I think the court should take this opportunity to instruct the immigration courts that it's important to analyze the divisibility of a statute and make clear findings on whether or not the respondent in immigration proceedings has presented factual information on their specific charge of divisibility under the statute. And your honors, I see my time is expiring so I'll reserve my remainder for rebuttal. Thank you. Good morning, honors. Good morning. Good morning. May it please the court, Elizabeth Fitzgerald Sambu on behalf of respondent attorney general. Here, it appears it's undisputed that both parties agree that this statute of conviction is overbroad and that it's divisible. So here, the sole issue it seems is whether under the modified categorical approach petitioner prevails or not. So the government's position is that petitioner's record of conviction is not ambiguous. Here, it's true that his judgment doesn't specify the subsection, but his accusation does explicitly state that he caused physical harm. And that language matches subsection A2 of the statute of conviction. And here, if this court considers Georgia case law, it's clear that this is how Georgia creates its conviction records. So you have the Lyman Georgia Court of Appeals decision where it was very similar. The Georgia Court of Appeals looked to the language that was used in the accusation to determine which subsection was at issue. And Georgia has also held repeatedly that whatever the prosecutor includes in the accusation is what they have to prove. So there's case law saying that whatever's charged in the accusation has to be, or the jury instructions have to match the language of the subsection that's in the accusation. And therefore the conviction matches the language as well. So here we think it's very clear that based on the accusation's language and him pleading to the count and then the judgment explicitly referencing the count that this court could then review that language in the accusation and conclude that he was convicted under subsection A2. And as to petitioner's parietal arguments, it's true as Judge Rosenbaum said that if the Supreme Court held that if the conviction record is ambiguous in the modified categorical approach, which we don't think it is, but even if this court were to think that it's ambiguous, then petitioner loses. And although he's arguing that the Supreme Court somehow reversed its Sheppard case law precedent where under Sheppard, this court is restricted to a specific set of documents to determine what the individual is convicted under. Under in Farida, the applicant had argued that there would be record-keeping issues, that it's hard to access those documents. And so in that context, the Supreme Court said that that wasn't a valid argument, basically that there were other ways to prove what the conviction was under. It doesn't mean that the applicant could submit the letter that he's now, or that counsel's arguing today could be considered or any sort of other facts that are outside the conviction record. It's just additional records about the conviction itself. So we think that is clear. And then as far as the sentence, this court's Ayala Gomez decision is directly on points. And it applies here, the federal determination of what suspension and term of imprisonment means applies. And petitioner's sentence matches essentially what happened in Ayala Gomez. So if there are no questions, we would urge this court to deny the petition for review. And thank you so much. Thank you, counsel. And Ms. Deadwally, you have reserved some time for rebuttal. Yes, Your Honor. Your Honor, in reference to the Lyman decision cited by the government as proof that the accusation language should stand as the court's determination and what the respondent actually pled guilty to, I would posit to the court that even though that case says a prosecutor must prove those elements at trial due to that being what the defendant is put on notice of, in practice, when a defendant pleads guilty, he often pleads guilty to lesser included offenses. That is different than the burden of proof that a prosecutor carries at trial. So just because those allegations are contained in an accusation doesn't mean that's what a defendant is pleading guilty to. I'll also note for the court- So your argument is that from the records, we should find that he may have pleaded guilty to a lesser included offense? That he may have pleaded guilty to A1, Your Honor, which was the offensive touching, which is what the victim states in her letter. It was non-violent, so therefore it could only have been under the A1 offensive touching subsection. So anytime there's a modified categorical approach asserted by the government, and there's a plea, we should assume that the plea was to a lesser included offense than the one alleged in the indictment. I'm not saying in every case you should do that, Your Honor, but where it is unclear and- Well, I mean, it'll always be unclear. If your position is you take the charge, it shows one offense alleged. It's not, I don't see how it's really lesser included. The same penalties, I believe, apply to A1 and A2, but where it's alleged A2, we ought to assume he could have pledged A1. So when it's alleged that the person raped the victim, we can assume that it was unlawful touching. I'm not saying that, Your Honor. First, this is a lesser included because offensive touching happens anytime there is violent touching. So- Yeah, but lesser included has to have a lesser penalty. Hence the term lesser. Not necessarily, Your Honor. It just means that, not under Georgia law, it just means that that crime is encompassed in the other offense. For example, misdemeanor vehicular homicide in Georgia, there's a required element that you prove reckless driving. They both carry a 12-month sentence, but the reckless driving is a lesser included of the vehicular homicide. Regardless, Your Honor, I'm not saying that in every case this court has to assume the lesser included. What I'm saying is, unlike Gandy, where in that case it was clear that the factual allegations were admitted to in the guilty plea, in this case, the factual allegations that were admitted to are not clear. They are ambiguous. And I recognize- All right. And who carries the burden? The respondent carries the burden, and we believe he met that burden, Your Honor. Because he showed the ambiguity, he met the burden of showing how to resolve the ambiguity. Your Honor, I see my time has expired. May I respond to your question? Please do. Your Honor, we believe that he met his burden to overcome the ambiguity by providing that victim's letter to the court. And we do believe, based on the last paragraph of Pareda, the quote that I cited, that this court can consider testimonial evidence in ascertaining which subsection in a divisible statute the defendant pled guilty to. I have a question about that. The letter that you're talking about, does it indicate which specific conviction it's talking about, or if it's talking about a specific incident? It does not, Your Honor. It's the same victim in both cases, and it does reference the Baldwin County case itself. And so we just think the court should have considered that in its analysis of whether this was a crime of violence. One quick question. Where in the record is that letter of the victim? Yes, Your Honor, that's in the record at pages 917 to 918. Thank you. Thank you. Thank you. Thank you for your consideration, Your Honors. All right. Thank you, counsel. We have your arguments, and that completes our docket for this morning. And this court will be in recess until nine o'clock tomorrow morning.